# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>   v.<br><br>SONIA PINON,<br><br>                  Defendant. | Case No. 19-cr-04777-BAS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 51)** |

On May 20, 2021, this Court sentenced Defendant to sixty months in custody following her conviction for possession of methamphetamine with intent to distribute. (ECF No. 47.)  Defendant now moves to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release. (ECF No. 51 ("Motion").)  The Government opposes (ECF No. 52 ("Opposition")), and Defendant replies (ECF No. 53 ("Reply")).  For the reasons stated below, the Court **DENIES** the Motion.

## I.      BACKGROUND

The Government initiated a wiretap investigation targeting narcotics distribution in San Diego County by gang members connected to the Mexican Mafia.  (Presentence Report, ECF No. 38 ("PSR") ¶ 5.)  Defendant Pinon was identified smuggling methamphetamine across the border.  (PSR ¶ 11.)  She lived in a house with other codefendants where methamphetamine, digital scales, and weapons were seized.  (*Id.*)

19cr4777

Pinon admitted she had used methamphetamine on and off for the past twenty-seven years. (PSR ¶ 14.)  She was under the influence of methamphetamine at the time of the offense. (PSR ¶ 26.)

Pinon had been a member of the Acre Street gang based out of National City and has an extensive criminal record including numerous convictions for thefts and possession of illegal drugs, resulting in a criminal history category of VI.  (PSR ¶¶ 23, 44–54, 75.) The most recent conviction before this offense was a felony possession of heroin for sale in 2017.  (PSR ¶ 54.)

Defendant claims she currently lives at Ocean View halfway house and her predicted release date is February 16, 2023.  (Motion at 4.)  She requests compassionate release because she has blood in her stool, which could indicate a rare form of colon cancer. (Motion at 5.)  Defendant claims she needs further testing and actual biopsies.  (*Id.*)  The only proof she provides is a positive occult blood stool test, which according to the source provided by defense counsel, can be indicative of many things including polyps, hemorrhoids, anal fissure, ulcers, colitis, and requires additional testing like a colonoscopy. (*See* Motion 5 n.3 (citing *What Is a Fecal Occult Blood Test*, WebMD, https://www.webmd.com/colorectal-cancer/guide/fecal-occult-blood-test (Sept. 1, 2022)).)

## II.   ANALYSIS

### A.   Exhaustion

Before filing a motion for compassionate release, the defendant must petition the Bureau of Prisons ("BOP") for compassionate release.  18 U.S.C. § 3582(c)(1)(A).  A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

19cr4777

1    However, as explained in *United States v. Arreola-Bretado*, 445 F. Supp. 3d 1154,

2   1157 (S.D. Cal. 2020), the typical procedure does not exist because Ms. Pinon is being held

3   in Ocean View halfway house, a non-BOP facility.  Thus, requiring Ms. Pinon to request

4   release from the BOP would be futile, and the resulting administrative process would be

5   incapable of granting her relief.  *See Washington v. Barr*, 925 F.3d 109, 118–19 (2d Cir.

6   2019) (citing *McCarthy v. Madigan*, 503 U.S. 140, 146–47 (1992)) (noting "exhaustion

7   may be unnecessary where it would be futile" or "where the administrative process would

8   be incapable of granting relief"); *Arreola-Bretado*, 445 F. Supp. 3d at 1156 ("The Court

9   can envision no situation more futile than being required to petition to a BOP warden who

10  does not exist.").  Hence, the Court finds exhaustion of administrative remedies is not

11  required in Ms. Pinon's circumstances.

12          **B.      Extraordinary Circumstances**

13          Once a defendant exhausts her administrative remedies, a court may modify or

14  reduce the defendant's term of imprisonment "after considering the factors set forth in [18

15  U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling

16  reasons warrant such a reduction" and "such a reduction is consistent with applicable policy

17  statements issued by the Sentencing Commission." *Id.*  As the movant, the defendant bears

18  the burden to establish that he or she is eligible for a sentence reduction.  *United States v.*

19  *Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

20          Unfortunately, Congress provided no statutory definition of "extraordinary and

21  compelling reasons" and instead delegated that responsibility to the U.S Sentencing

22  Commission.  *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).  Due to

23  vacancies in the Sentencing Commission, the Commission has been unable to update its

24  definition of "extraordinary and compelling reasons" following passage of the First Step

25  Act that amended § 3582(c)(1)(A).  *Id.*  Nonetheless, the Sentencing Commission's original

26  policy statements, although not binding, may inform the district court's decision as to

27  whether certain conditions are extraordinary and compelling.  *Id.*

28

19cr4777

In the Application Notes, the Sentencing Commission gives examples of extraordinary and compelling reasons, including where "[t]he defendant is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."   U.S.S.G. § 1B1.13(1)(A)(ii), Application Note 1(A)(ii) (last revised Nov. 1, 2021).

Defendant Pinon has failed to meet her burden of showing extraordinary circumstances that justify her release.  First, she provides little to no documentation to support her arguments.  Second, even assuming all her representations are true, she simply states that she has blood in her stool.  Even the authority cited by defense counsel recognizes that a positive blood fecal test has many causes—some serious, some less serious.  (*See* Motion 5 n.3 (citing *What Is a Fecal Occult Blood Test*, WebMD, https://www.webmd.com/colorectal-cancer/guide/fecal-occult-blood-test   (Sept.   1, 2022)).)   Further, since apparently Pinon was able to see a specialist to get the fecal blood stool test while she was housed at the halfway house, her argument that she is unable to receive medical treatment unless she is released is not supported by the evidence.

### C.   Section 3553(a) Factors

Even if Defendant had demonstrated extraordinary and compelling reasons for her release (she has not), the Court must still consider the factors set forth in Section 3553(a) to determine whether release is warranted.  In this case, the Court finds those factors support denying the request.  Defendant's conduct was serious, and she has a lengthy criminal record.  Releasing her now would be insufficient for deterrence, as well as the need for just punishment and to avoid unwarranted disparities.  Although defense counsel makes a passing reference to completion of the 500-hour RDAP program, Defendant provides no proof of this fact or how she did in the program.  Therefore, the Court further finds the Section 3553(a) factors militate against compassionate release.

//

//

19cr4777

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.    CONCLUSION**

Defendant's Motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 51) is **DENIED.**

   **IT IS SO ORDERED.**


**DATED: October 31, 2022**

Hon. Cynthia Bashant
United States District Judge

19cr4777